**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JONATHAN WARE
ADC #653450                                                                                    PLAINTIFF

V.                       CASE NO. 2:10CV00045 BSM-BD

CLARENCE KELLEY, *et al.*                                                                   DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Introduction:**

On April 8, 2010, Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed his original Complaint in this action under 42 U.S.C. § 1983. (Docket entry #1). The Complaint was deficient, and Plaintiff was ordered to file an Amended Complaint. (#4) On May 7, 2010, Plaintiff filed an Amended Complaint. (#6)

In his Complaint and Amended Complaint, Plaintiff claims that his due process rights were violated when he was placed in the "max" pending disciplinary review and because he was not allowed to call certain witnesses at his disciplinary hearing. At the hearing, Plaintiff was sentenced to serve 30 days in punitive isolation, his class status was reduced, and he was assigned to administrative segregation. Plaintiff requests money damages as well as injunctive relief and names as Defendants several ADC employees. The Court recommends that this case be dismissed.

**III.    Discussion:**

    A.     Standard

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    Due Process Claim

Here, Plaintiff claims that his due process rights were violated when he was placed in the "max" pending disciplinary review and because he was denied the right to call witnesses at his disciplinary hearing. In order to prevail on a fourteenth amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Plaintiff does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*.

A prisoner's liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).

First, in his Complaints, Plaintiff fails to include any factual allegations regarding his placement in the "max" pending disciplinary review. Although it appears that Plaintiff was placed in the "max" for two weeks prior to his disciplinary hearing, Plaintiff has failed to show that he suffered any "atypical or significant" hardship while assigned to the "max."[1] Without an underlying liberty interest, Plaintiff's due process claim fails.

Further, the Eighth Circuit has held that placement in punitive isolation for relatively short intervals of time, including the temporary suspension of privileges while so confined, does not constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. See *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No. 95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days of lockdown, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin* ); *Driscoll v. Youngman*, Case No. 95-4037, 1997 WL 581072 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that 135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not satisfy the *Sandin* standard); and *Furlough v. Brandon*, 2009 WL 4898418

---

[1] Plaintiff states that he arrived at Brickeys on February 26, 2010, and was placed in the "max." Plaintiff's disciplinary hearing was held on March 12, 2010.

(E.D.Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim after being assigned to administrative segregation for nearly nine months).[2]

In addition, assuming Plaintiff's class status was reduced as a result of his disciplinary conviction, he has no liberty interest in classification. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (unpublished per curiam) (holding that inmate does not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interest in particular classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (stating that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate has no right to consideration of Class I status); and *Strickland v. Dyer*, 628 F.Supp.180, 181 (E.D.Ark. 1986) (because Arkansas law does not protect a prisoner's right to any

---

[2] To the extent that Plaintiff claims that his placement in punitive isolation violates the eighth amendment prohibition against cruel and unusual punishment, this claim also fails. In order to establish that conditions of confinement are unconstitutional, a prisoner must show (1) that the alleged deprivation is, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) that prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 1980 (1994). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)). Here, Plaintiff fails to allege that he was denied any of life's necessities while housed in punitive isolation or administrative segregation. Although Plaintiff's housing conditions may not have been ideal, the constitution does not mandate "comfortable" prisons. See *Hudson*, 503 U.S. at 9.

particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Without an underlying liberty interest, Plaintiff cannot maintain an action for violation of his due process rights.[3]

Furthermore, although Plaintiff claims that he was assigned to administrative segregation by the classification committee, he again fails to include any factual allegations regarding the conditions of his confinement while assigned to administrative segregation. Plaintiff also fails to state how long he was forced to stay in administrative segregation.[4] Accordingly, the Court cannot conclude that Plaintiff's assignment to administrative segregation constitutes an "atypical and significant" hardship, and Plaintiff's claim fails.[5]

---

[3] The Supreme Court articulated the due process requirements for disciplinary proceedings that result in a loss of good-time credits in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). In *Wolff*, the Court held that due process for inmates requires: twenty-four hours' written notice to the prisoner of the charges against him; the right to appear in person before the hearing body; the right to call witnesses and present documentary evidence; and a written statement of the reasons for the disciplinary action taken. Here, Plaintiff did not receive a loss of good-time credits as a result of the disciplinary at issue. Accordingly, *Wolff* is inapplicable to this case.

[4] In his Amended Complaint, Plaintiff states that he was in punitive isolation and administrative segregation for 68 days. As noted, Courts have consistently held that placement in administrative segregation for such short periods of time does not amount to an "atypical and significant hardship."

[5] To the extent that Plaintiff claims that he was issued a false disciplinary, this claim fails as well. The issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. See *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(citing *Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986).

## IV. Conclusion:

The Court recommends that Plaintiff's claims be DISMISSED with prejudice. The Court also recommends that the District Court certify that this dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g) and that an appeal from this matter would be frivolous and not taken in good faith.

DATED this 24th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE